ALLEN HASKINGS, Respondent, *vs.* ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY Co., Appellant.

1. *Evidence, presumption of—Continuance of a state of facts once proved to exist.*—Evidence of the existence of a state of facts at a certain time raises a presumption that such facts exist for a reasonable time thereafter.

2. *Practice, civil—Trials—Instructions not applicable to facts as proved, improper.* —Instructions which do not apply to the facts of the case, as shown by the testimony, are improper, even though they correctly declare abstract propositions of law.

3. *Practice, civil—Trials—Instructions, improper, not ground for reversal unless misleading.*—The giving of improper instructions is not alone sufficient ground for reversal, unless they have had the probable effect of misleading the jury.

*Appeal from St. Charles Circuit Court.*

*W. Blodgett with M. McKeag,* for Appellant.

*John A. Kellar with John B. Allen,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was commenced before a justice of the peace to recover damages under the 43d section of the act of the legislature of this State, concerning railroad companies, (Wagn. Stat., 310) for the killing of certain hogs by the defendant, belonging to the plaintiff.

The cause of action filed before the justice, was, in substance, as follows: After stating that the defendant was a railroad corporation, etc., it proceeds to state, that the plaintiff was the owner of two certain blooded brood sows; one of the value of twelve dollars, and the other of the value of fifteen dollars; that the defendant being the owner of the cars and locomotives of the St. Louis, Kansas City and Northern Railway, did by its agents, servants and employees, and without any fault or want of care on the part of plaintiff, carelessly and negligently, and by the negligent conduct of defendant's agents and servants, run over and kill the said hogs in Cuivre township, near a railroad crossing at a place where said road passes through and adjoining inclosed and cultivated fields, and where defendant was bound by law to fence said railroad

and erect cattle guards thereon; that the defendant had failed to fence said road or erect sufficient cattle guards thereon at the place where said hogs went on said railroad and were killed; that the hogs were killed on a portion of the road which was not fenced in a sufficient manner, and not at the crossing of a public highway; that plaintiff was damaged in the sum of twenty-seven dollars, and claims double damages, etc.

A judgment was rendered by the justice, in favor of the plaintiff, from which the defendant appealed to the Circuit Court of St. Charles county. The case was tried in the Circuit Court before a jury. The plaintiff introduced evidence tending to prove the facts stated in the petition.

The evidence tended to show that the hogs were killed at a point on the road of defendant, where the road was not fenced, and where it ran along and adjoining inclosed and cultivated fields, about two hundred yards from a road crossing where there were cattle guards. A witness was asked to state the condition of the cattle guards at the road crossing referred to, at the time and prior to the time of the accident. The witness answered that he did not know the condition of the cattle guard at the time of the accident; but prior to that time, in the winter and spring previous, he had seen hogs pass through the cattle guard frequently, without difficulty. The foregoing question and answer were objected to by the defendant, on the ground that the evidence was immaterial and irrelevant. The objection was overruled, and the defendant excepted. The defendant offered no evidence.

At the close of the evidence the court instructed the jury, that, before the plaintiff could recover, the jury must be satisfied from the evidence, that the property, on account of which the suit was brought, was killed by the defendant's locomotive machinery on a part of the defendant's road passing through cultivated or inclosed fields, and that the road at said place was not fenced in at the time, or that the hogs got on the track in consequence of defective fencing or cattle guards; that the measure of damages in the event of a recov-

ery, was the market value of the property killed at the time of the killing. The defendant objected to this instruction, and the objection being overruled, it at the time excepted.

The plaintiff's attorney then asked the court to instruct the jury as follows: "That it is the duty of the railroad company or corporation to erect and maintain good and substantial fences on the sides of its road, where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed prairie lands, of the heighth of at least five feet, with openings and gates or bars therein, and farm crossings of the road for the use of the proprietors or owners of the land adjoining such railroad; and also to construct and maintain cattle guards at all railroad·crossings where fences are required as aforesaid, suitable and sufficient to prevent horses cattle, mules and all other animals from getting on the railroad, until such fences, openings, and gates or bars, farm crossings or cattle guards shall be duly made and maintained, such corporation shall be liable in double the amount of all damages which shall be done by its agents, engines or cars, to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals coming. upon said lands, fields or inclosures, occasioned in either case by the failure to construct or maintain such fences or cattle guards." To this last instruction the defendant also objected, and its objection being overruled and the instruction given, the defendant again excepted.

The jury found a verdict for the plaintiff, and assessed his damages at the sum of twenty-seven dollars. This amount was doubled by the court, and judgment rendered in favor of the plaintiff, for fifty-four dollars and costs. The defendant filed a motion for a new trial, setting forth as grounds therefor the rulings of the court before excepted to, as well as that the court erred in rendering judgment for double the amount of the damages found by the jury. This motion was overruled and the defendant excepted and appealed to this court.

The first ground of objection urged by the defendant in this court, is, that the. Circuit Court erred in permitting the plaintiff to prove on the trial, that a short time before the accident complained of, the cattle guard, at the crossing of the road, was insufficient to prevent the passage of stock over the same on and to the track of the railroad.

It is insisted that this evidence was immaterial, because it did not relate to the exact time of the happening of the accident. The hogs were killed in March or April; the witness testified that the cattle guard was in an insufficient condition in the winter or spring previous. This evidence of course was too remote to have any great weight or to be conclusive in its character, but it was sufficient to raise some presumption that the cattle guard was insufficient at the time of the accident, at least in the absence of any attempt on the part of the defendant to show that the condition of the cattle guard had been changed. In this case, however, the evidence shows that the hogs were killed at least two hundred yards from the cattle guard, and it is not even pretended that the road was fenced where the killing took place, at the time of the killing, so that the supposition that the hogs got on the track of the road through the cattle guard, is so remote that it cannot be seen how it could be material to prove that the cattle guard was insufficient; but in any view of the case the evidence could have had no injurious effect on the defendant, as there was no evidence in the case that tended to prove that the hogs were killed or got on the road at the crossing of the road, and the liability of the defendant would be just the same whether the cattle guard was sufficient or not. The defendant could not therefore be injured by the evidence.

It is next contended that the court improperly rendered a judgment for double damages; that there were two causes of action stated in the complaint filed before the justice, one being a cause of action for negligence at common law, and the other being a cause of action under the statute. This objection is not well taken. There is but one cause of action stated in the petition. It is true that the statement

charges that the killing of the hogs was negligently done, which was unnecessary, but that created no new cause of action, nor did it change the cause of action sufficiently stated under the statute; it was surplusage in the petition, and nothing more.

The only remaining objection raised by the defendant is, as to the second instruction given by the court, which was given to the jury at the request of the plaintiff. This instruction simply tells the jury that the 43d section of the statute concerning Railroad Companies, is the law, or, in other words, it tells the jury, in the language of the statute, that if the provisions of the section (which are repeated in the instruction) are not complied with by a railroad company, and injury is done, the company would be liable in double the amount of the damage done.

It is contended by the defendant, that under such instruction the jury would be authorized to find double the amount of the damages proved on the trial, and that it would be manifestly unjust in such case for the court to render a judgment for double the amount of the damages found. If the instruction complained of had been the only instruction given to the jury by the court, there can be no doubt about the impropriety of the instruction; and in fact, we cannot see any propriety in the asking for or giving such an instruction. The court had already given an instruction fully covering all of the facts and the law governing the case, and it is remarkable that the plaintiff should have asked the court to give this second instruction, which could be of no other use than to incumber the record with an abstraction which in itself may be, and is certainly the law as contained in the statute; but the most of which could have no application to the facts of this case. The court had, however, properly instructed the jury in its first instruction. The jury were told in that instruction what it was necessary for them to find before they could find for the plaintiff, and in the event of their finding for the plaintiff, "the measure of damages is the market value of the property killed." This presented the matter fairly to the jury, and gave them the proper rule of damages.

The question now is, was the second instruction calculated to mislead the jury in reference to the measure of damages? The instruction was certainly improper, and if there was the least reason to doubt as to what rule had been adopted by the jury in estimating the damages in this case, the judgment would most certainly be reversed. It will be seen, however, in this case, that all of the evidence in reference to the amount of damages given on the trial, is contained in the evidence of three witnesses, two of whom estimated the value of the hogs killed to be over thirty dollars, while the third estimated their value at twenty-seven dollars, the exact amount of the verdict of the jury. To believe that the jury had estimated anything more than single damages in finding their verdict, would be to believe that they had entirely disregarded the whole evidence in the case, as well as the first instruction of the court in reference to the measure of damages.

It therefore plainly appears that the jury was not misled by the second instruction, and that their finding as to the amount of damages was proper. Therefore, notwithstanding the second instruction was improper, it plainly appearing that it produced no injury to defendant, the judgment will be affirmed; the other judges concur.